The Attorney General is in receipt of your opinion request wherein you ask the following questions: "1. Does state law prohibit retail liquor store licensees from furnishing initiative petitions and encouraging persons to sign their signatures to said petitions while on the premises of the retail liquor store? "2. If state law prohibits the aforementioned activity, is such prohibition constitutional in light of the Oklahoma Constitution and the United States Constitution? "3. Do any rules or regulations of the Oklahoma Alcoholic Beverage Control Board prohibit retail liquor stores from furnishing initiative petitions and encouraging persons to sign their signatures to said petition while on the premises of the retail liquor store.? "4. If the rules and regulations of the Oklahoma Alcoholic Beverage Control Board prohibit retail liquor stores from furnishing initiative petitions and from encouraging persons to sign their signatures to said petitions while on the premises of the retail liquor stores, is/are such rule(s) valid in light of the Oklahoma Statutes, the Oklahoma Constitution, and the United States Constitution ? "5. If a retail liquor store may legally furnish initiative petitions and encourage persons to sign their signatures to said petition while on the premises of a retail liquor store, is it lawful in light of the rules and regulations of the Oklahoma Alcoholic Beverage Control Board, Oklahoma Statutes, the Oklahoma Constitution, and the United States Constitution for a retail store licensee to place a sign in a retail liquor store stating: 'Sign the Petition Here for On-Premise Consumption' or 'Please sign Beverage Control Petition Here,' or words of similar purpose and effect?" A review of the Oklahoma Constitution, Oklahoma statutes and Rules and Regulations of the Oklahoma Alcoholic Beverage Control Board reveals no direct prohibition of circulation of initiative petitions in retail liquor stores or even in wholesale outlets. Okla. Const., Article XXVII ; 37 O.S. 501 [37-501] et seq. (1971), ABC Board Rules and Regulations. Therefore, your first and third questions must be answered in the negative, making it unnecessary to answer your second and fourth questions. In response to your fifth question regarding signs which announce the availability of initiative petitions, it should be noted that the clear purpose and intent of Article XXVII, Section 5, of the Oklahoma Constitution and 37 O.S. 516 [37-516] (1971), is to prevent the advertising of alcoholic beverages and not signs per se. However, Article XXVII, Section 5, of the Oklahoma Constitution and 37 O.S. 516 [37-516] (1971), cannot be ignored. Where the purpose of a sign is to aid in the marketing and distribution of alcoholic beverages such activity is subject to regulation by the State. Cf., Oklahoma Alcoholic Beverage Control Board v. Heublein Wines, International, 566 P.2d 1158, 1162 (Okla. 1977). In addition, certain signs and their arrangement may be tantamount to advertising and thereby prohibited. See, Oklahoma Alcoholic Beverage Control Board v. Burris, P.2d, 51 O.B.A.J. 939 (Okla. 1980) reh. denied, June 30, 1980, No. 52,197. It follows that signs which because of their construction and presence as opposed to content advertise and draw attention to the sale of alcoholic beverages may also be prohibited depending on the facts and circumstances of each case. Therefore, it is the official opinion of the Attorney General that your questions be answered as follows: Neither the Oklahoma Constitution, State Statutes or current Alcoholic Beverage Control Board Rules and Regulations prohibit retail liquor store licensees from furnishing initiative petitions and encouraging persons to sign such petitions while on the premises of a retail liquor store. Nor do the aforementioned prohibit retail liquor store licensees from placing a sign in a retail liquor store stating "Sign the Petition Here for On-Premise Consumption" or "Please Sign Beverage Control Petition Here" or words of similar purpose and effect. Whether a particular sign is so worded or constructed as to illegally advertise or draw attention to the sale of alcoholic beverages is a question of fact. (DUANE N. RASMUSSEN) (ksg)